## AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE

I, Christopher F. Scott, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, having been duly sworn, state:

## INTRODUCTION

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and have been so employed since 2002.  I am currently assigned to the Bridgewater, Massachusetts Field Office.  I have previously been assigned to Field Offices in Fresno, California and Norfolk, Virginia.  As a Special Agent for ATF, some of my duties include the investigation of firearms possession by prohibited persons and firearms and narcotics trafficking. As an ATF Special Agent I have participated in and conducted dozens of investigations involving firearm trafficking and possession of firearms by persons including felons, gang members, parolees, narcotics users and narcotics and firearms traffickers.  Through my law enforcement training, participating in undercover purchases of firearms, surveillance of firearms traffickers, interviews of suspects, and participating in search warrants and Title III electronic surveillances, I am familiar with the methods that are most commonly used by unlawful firearms traffickers and people dealing in firearms without a Federal Firearms License.  Based on my training and experience as an ATF Special Agent, I am familiar with the federal firearms and narcotics laws.

2.      This affidavit is submitted in connection with an application for a criminal complaint charging Victor MORALES with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1).

3.      The statements contained in this affidavit are based on my own investigation and on documents and information provided to me by fellow agents and task force officers of the ATF, Officers and Detectives with the New Bedford Police Department, and/or laboratory certifications

and reports.  This affidavit is submitted for the limited purpose of establishing probable cause and therefore does not set forth all of the information that I,  and other law enforcement personnel, have obtained during the course of this investigation.

## PROBABLE CAUSE

4.      In July 2020, New Bedford Police Narcotics Detective, Kevin Barbosa, received information that Victor MORALES was selling fentanyl from the apartment he shared with PERSON 1 in New Bedford.  Detective Barbosa subsequently performed surveillance on the apartment and observed MORALES coming and going from the residence.  Utility services were connected to the apartment in the name of PERSON 1, whose vehicle was also observed parked in the driveway.  Utilizing a Confidential Informant (CI), who is registered with the New Bedford Police Department, a controlled purchase of fentanyl was also conducted from MORALES within his apartment.  This CI has provided information previously to the New Bedford Police Department that has resulted in a state search warrants, the seizure of fentanyl and an arrest.

5.      On July 20, 2020, Detective Barbosa, along with other Detectives from the New Bedford Police Narcotics Unit, initiated surveillance at MORALES' apartment in preparation for executing a state search warrant on the apartment and on MORALES himself.  MORALES was shortly observed exiting his apartment and getting into PERSON 1's vehicle.  Detectives followed and stopped MORALES.  As Detectives approached him from the driver side, MORALES was observed frantically placing his hands down his pants as he leaned back in the driver seat. MORALES refused to open his driver window so Detectives were forced to break it in order to remove MORALES from the car.  MORALES was detained and read his Miranda rights.

6.      Detectives then took Morales back to his apartment and knocked on his door. They were greeted by 4 other individuals.  Detectives brought MORALES into the apartment and the search

2

commenced.  Detective Jean Lopez performed a limited strip search of MORALES and found 3 baggies of suspected fentanyl within MORALES' pants/underwear.  These baggies were later weighed at the New Bedford Police Headquarters and the result was approximately 9 grams.  A sample of the powder contained within one of the baggies field tested positive for the presence of fentanyl.

7.     Detective Jordan DaSilva recovered  a Colt, MK IV Mustang, .380 caliber pistol, s/n MU29193, loaded with six rounds of ammunition, inside a bag in a drawer of MORALES' night stand.  An additional 6 loose rounds were also found inside the bag, in a black sock.  Additionally, within the same bedroom was paperwork from the Massachusetts Parole Board, bearing Victor MORALES' name.

8.     Additional evidence of drug trafficking was found within the apartment, including digital scales, plastic baggies, and cutting agent.

9.     Later on at the New Bedford Police Headquarters, post Miranda warnings, a videotaped interview was conducted regarding the evidence seized at MORALES' home and from his person. MORALES subsequently confessed to possession of the firearm and the narcotics.  I reviewed the videotaped confession and noted that MORALES described the firearm as a ".380 Mustang". MORALES told detectives that he found the firearm and has owned it for approximately one year. MORALES also described the narcotics found on him as "9 grams of suspected to be heroin".

## PRIOR FELONY CONVICTION

10.     A review of certified court records revealed that MORALES has previously been convicted of the following felony offenses, punishable by a term exceeding one year:

- Brockton District Court, Docket # 1615CR006511.  MORALES pled guilty to

possession with intent to distribute a Class A substance and was sentenced on 12/15/16 to serve 6 months at the House of Correction.

- Taunton District Court, Docket # 1531CR002767.  MORALES plead guilty to forgery of a check, possession of a counterfeit note, and uttering a false check.  On 3/10/16 he was sentenced to 2 years of probation which he subsequently violated and on 11/22/17 was sentenced to 2 years House of Correction.

- Plymouth District Court, Docket # 1659CR000751.  MORALES pled guilty to possession with intent to distribute a Class B substance and his case was continued without a finding.  On 1/5/17, this continuance was revoked and he was sentenced to 6 months in the House of Correction.

## INTERSTATE NEXUS OF FIREARMS AND AMMUNITON

11.    ATF Special Agent Patrick Briody, an Interstate Nexus Expert, has examined the Colt, MK IV, .380 caliber pistol, as well as the 12 rounds of ammunition.  It was determined that the Colt pistol was manufactured in Connecticut.  The 12 rounds of recovered ammunition were also manufactured outside of Massachusetts.  Therefore, both the firearm and ammunition have affected interstate commerce and necessarily crossed state lines prior to being recovered in New Bedford, MA.  The Colt, MK IV, .380 caliber pistol, serial number MU29193 meets the federal definition of firearm, and the 12 rounds of .380 caliber ammunition meets the federal definition of ammunition.

## CONCLUSION

12.    Based on the information described above, there is probable cause to believe that, on July 20, 2020, MORALES:

a.   knowing that he had previously been convicted of a crime punishable by a term of

imprisonment exceeding one year, did possess, in and affecting interstate commerce, a Colt, MK IV, .380 caliber pistol, serial number MU29193 and 12 rounds of .380 caliber ammunition, in violation of Title 18, United States Code, Section 922 (g) (1) .

Signed electronically and sworn to via telephone in accordance with Federal Rule of Criminal Procedure 4.1 on ___October 15, 2020___

___/s/ Christopher Scott_____
Special Agent Christopher Scott
Bureau of Alcohol, Tobacco, Firearms and Explosives

Electronically subscribed and telephonically sworn to before me this ___October 15, 2020___

___Marianne B. Bowler USMJ___
HON. MARIANNE B. BOWLER
United States Magistrate Judge